IN THE UNITED STATES DISTRICT COURT
FOR THE <u>**NORTHERN**</u>       DISTRICT OF TEXAS
<u>     **LUBBOCK**     </u> DIVISION

Form To Be Used By A Prisoner in Filing a Complaint
Under the Civil Rights Act, 42 U.S.C. § 1983

**U.S. DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FILED**
JUN 13 2008
CLERK U.S. DISTRICT COURT
By _____
  Deputy

<u>Dave Green     69901-053    </u>
Plaintiff's name and ID Number

<u>Giles W. Dalby Correctional Facility</u>
Place of Confinement

**5-08CV0129-C**

CASE NO. _____
(Clerk will assign the number)

v.

Kerry Dixon
<u>805 N Avenue F, Post, TX 79356</u>
Defendant's name and address
Hugh Bryan
<u>805 N Avenue F, Post, TX 79356</u>
Defendant's name and address
Larry Bond
<u>805 N Avenue F, Post, TX 79356</u>
Defendant's name and address
( DO NOT USE "ET AL.")

**RECEIVED**
JUN 13 2008
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**INSTRUCTIONS - READ CAREFULLY**

NOTICE:

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be <u>legibly</u> handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the Clerk of the United States Court for the appropriate District of Texas in the Division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. The list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate District Court, the Division and an address list of the Divisional Clerks.

1

Deola Lachuga
805 N Avenue F, Post, TX 79356
Defendant's name and address

Ricky Hernandez
805 N Avenue F, Post, TX 79356
Defendants name and address

**FILING FEE AND IN FORMA PAUPERIS**

1. In order for your complaint to be filed, it must be accompanied by the filing fee of $350.00.

2. If you do not have the necessary funds to pay the filing fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis (IFP)*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six (6) month history of your Inmate Trust Account. You can acquire the application to proceed IFP and appropriate Inmate Account Certificate from the law library at your prison unit.

3. 28 U.S.C. 1915, as amended by the Prison Litigation Reform Act of 1995 (PLRA), provides, "...if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." Thus, the Court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the Court will apply 28 U.S.C. 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your Inmate Account, until the entire $350 filing fee has been paid.

4. If you intend to seek *in forma pauperis* status, then do not send your complaint without an Application to Proceed IFP, and the Certificate of Inmate Trust Account. Complete all the essential paperwork before submitting it to the Court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the Court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion (s) for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:

    A. Have you filed *any* other lawsuits in state or federal court relating to your imprisonment?   X YES ___ NO

    B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

        1. Approximate date of filing lawsuit: __April 18, 2005__

        2. Parties to previous lawsuit:

        Plaintiff(s) __Dave Green__

        Defendant(s) __Craig Apker__

        3. Court: (If federal, name the district; if state, name the county.) __Middle District of PA__

        4. Docket Number: __4:CV-05-780__

        5. Name of judge to whom case was assigned: __James F. McClure, Jr.__

        6. Disposition: (Was the case dismissed, appealed, still pending?) __Dismissed without Prejudice, Appeal-Affirmed__

        7. Approximate date of disposition: __May 13, 2005.__

II.  PLACE OF PRESENT CONFINEMENT: <u>Giles W. Dalby Correctional Facility</u>

III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted both steps of the grievance procedure in this institution?   <u>X</u> YES   ___ NO

Attach a copy of the Step 2 grievance with the response supplied by the prison system.

IV. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: <u>Dave Green</u>

<u>Giles W. Dalby Correctional Facility</u>

<u>805 N Avenue F, Post, Texas 79356</u>

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: <u>Kerry Dixon, Warden, Giles W. DAlby Correctional Facility, 805 N Avenue F, Post, Texas 79356</u>

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

<u>Please see "V. Statement of Claim"</u>

Defendant #2: <u>Hugh Bryan, Associate Warden, Giles W. Dalby Correctional Facility, 805 N Avenue F, Post, Texas 79356</u>

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

<u>Please see "V. Statement of Claim"</u>

Defendant #3: <u>Larry Bond, Associate Warden, Giles W. Dalby Correctional Facility, 805 N Avenue F, Post, Texas 79356</u>

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

<u>Please see "V. Statement of Claim"</u>

Defendant #4: <u>Deola Lachuga, Food Service Manager, Giles W. Dalby Correctional Facility, 805 N Avenue F, Post, Texas 79356</u>

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

<u>Please see "V. Statement Of Claim"</u>

Defendant #5: <u>Ricky Hernandez, Special Housing Sgt., Giles W. Dalby Correctional Facility, 805 N Avenue F, Post, Texas 79356</u>

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

<u>Please see "V. Statement Of Claim"</u>

V.    STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember that the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

From 1-4-08 to 1-15-08, Plaintiff, a participant of the Religious Diet Program, was in the Special Housing Unit, ("SHU"), pending Disciplinary Hearing procedures. For all eleven (11) days, requiring meals, Plaintiff was denied hot water to adquately prepare his meals, which resulted in Plaintiff having to go without a hot meal or hot item for all eleven (11) breakfast as well as having to or forced to discard some of the items for breakfast, lunch and dinner as well. These items includes coffee, grits, farina and oatmeal; the only hot item available for inmates on the Religious Diet Program, for breakfast, plus various uncooked and refrigerated vegetables for lunch and dinner. (Please see "V. CONTINUATION-1")

VI.    RELIEF: State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Adjudge and declare that the actions and or omissions of Defendants violated the rights of Plaintiff, (Please see "VI. Continuation")

VII.    GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases:

Dave Green

B. List all TDCJ-ID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you, if known to you.

VIII.    SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed?    ___ YES  _X_ NO

B. If your answer is "yes", give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that imposed sanctions (if federal, give the district and division): __N/A__

   2. Case Number: __N/A__

   3. Approximate date sanctions were imposed: __N/A__

   4. Have the sanctions been lifted or otherwise satisfied?    N/A    ___ YES ___ NO

## V. CONTINUATION-1

While in general population, hot water is available in an urn, (per Bureau of Prisons, ("BOP"), Program Statement PS4700.05), for "reconstituting" the items above. The meals are prepared and served according to the "Certified Food Program" standard. It is known by all the Defendants, that the meals are sent to the SHU, uncooked and or unprepared, needing hot water in order to consume.

Since Plaintiff's firt meal, Plaintiff requested the hot water from the officers serving the meals and was told that "no hot water is sent over here, you need to speak to Sgt. Hernandez". Plaintiff took up the issue with Defendant Hernandez, verbally and in writing. Verbally Plaintiff was told by Defendant Hernandez that "hot water is not sent to the SHU". In writng Plaintiff was told that "your oatmeal will be already made for you from the food service". This never occured. Please see attached copy of Inmate Request Form, with Defendant Hernandez's written response, attached hereto as **Exhibit A**.

After leaving the SHU, Plaintiff spoke to Captain Mathis, in the presence of inmate Douglas Hewitt and James Leonard, and was told by the Cpt., that "the hot water could be used as a weapon". After asking the Cpt., if the coffee that is served to inmates on regular diet, didn't come from the same urn as the requested hot water, and how was I expected to prepare and consume my meals, I was told by the Cpt., thathe "would look into it". Days later Plaintiff was told by the Cpt., that "the issue will be fixed to ensure that religious diet participants get hot water" and he further stated that he "understand that this fix does not help the fact that I was not provided hot water". Please see attached **Affidavit of Douglas Hewitt** and **Affidavit of James Leonard**, attached hereto as **Exhibit B and C**, respectively.

At all times relevant to this complaint, Defendant Dixon was acting as the "Warden" at CI DAlby. As the Warden, Defendant Dixon has full control and authority at CI Dalby and is charged with the custody and care of all persons under its care.

(Please see V.CONTINUATION-2")

### V. CONTINUATION-2

Defendant Dixon is responsible for overseeing the administration of CI Dalby and approving all policies relating to staff conduct and inmates rights. Defendant Dixon either authorized, entertained or approved the actions or omissions, that resulted in the terrible treatment of Plaintiff and or neglected his duties that would have ensured that the acition or omissions, did not occur.

At all times relevant to this complaint, Defendant Bryan was acting as the Associate Warden-Security, ("AW-S"), at CI Dalby. As the AW-S, Defendant Dixon has direct ###### control and or authority of all security issues, including the SHU, its occupants and how they are treated. Defendant Bryan also responds to Administrative Remedies regarding these issues. Defendant Bryan in his capacity is aware of should be aware of fact that Religous Diet meals are served the way they are served, (unprepared and needing hot water in order to consume), yet made no provisions for the hot water to be provided. In his response to the Administrative Remedy, however, Defendant Bryan stated that it was provided. These meals are served in the SHU by security staff under Defendant Bryan's jurisdiction or authority.

At all times relevant to this complaint, Defendant Bond was acting as the Associate Warden-Programs, ("AW-P"), at CI Dalby. As the AW-P, Defendant Bond has control and authority over all program related issues, including Religious Services and Food Service. Defendant Bond is aware or should be aware of the requirements for this program under his authority, including the fact that the hot water must be provided, yet refused to ensure that it was, resulting in this terible treatment.

At all times relevant to this complaint, Defendant Lachuga was acting as the Food Service Manager, ("FSM"), at CI Dalby. As the FSM, Defendant Lachuga has control or authority of the Food service department, that prepared all meals, inlcuding the Religious Diets. Defendant Lachuga, is aware or should be aware of the fact that items on the tray, need hot water in order to consume,

**(Please see "V. CONTINUATION-3")**

### V. CONTINUATION-3

yet made no provision for it to be provided.

At all times relevant to this complaint, Defendant Hernandez was acting as the SHU sergeant,("SHU-Sgt."), at CI Dalby. As the SHU-Sgt., Defendant Hernandez has authority over the day to day operation of the SHU, including the rights to authorize the issuance of all requested items by inmates in the SHU. Defendant Hernandez was aware of the fact that I was not getting the hot water to prepare my meals and told me that one of the items needing hot water would have been sent prepared.

It was later brought to my attention, by inmate James Leonard and Ted Marzouca, both of whom had been in the SHU after I was released, that they too were denied the hot water. Information is provided in James Leonard's affidavit about this and I was unable to obtain an affidavit from Ted Marzouca before he left the institution.

## VI. Continuation

constitute actionable negligence, caused emotional distress suffering and irreparable harm;

Preliminarily and permanently enjoin Defendants, their agent, employees and all persons acting in concert with them from harassing, intimidating and or threatening Plaintiff;

Award Plaintiff $2,000,000.00 in moneytary damages from each Defendant and or such moneytary damages, as allowed by law;

Award Plaintiff compensatory damages, punitive damages, attorney fees and cost incurred in bringing this action against Defendants; and

Award such other relief as the Court deem just, proper and equitable to Plaintiff.

C. Has any court ever warned or notified you that sanctions could be imposed?     \_\_\_\_ YES   X   NO

D. If your answer is "yes", give the following information for every lawsuit in which warning was imposed. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that imposed warning (if federal, give the district and division): N/A

   2. Case Number: N/A

   3. Approximate date warnings were imposed: N/A

Executed on: June 10, 2008
             DATE

_____
(Signature of plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand if I am released or transferred, it is my responsibility to keep the Court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand that I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions in a Court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire $350 filing fee and costs assessed by the Court, which shall be deducted in accordance with the law from my inmate account by my custodian until the filing fee is paid.

Signed this _____ day of _____, _____.
              (Day)              (month)         (year)

_____
(Signature of plaintiff)

**WARNING:** The Plaintiff is hereby advised any false or deliberately misleading information provided in response to the following questions will result in the imposition of sanctions. The sanctions the Court may impose include, but are not limited to monetary sanctions and/or the dismissal of this action with prejudice.

5

Exhibit A

# GILES W. DALBY CORRECTIONAL FACILITY
## INMATE REQUEST FORM

To: Sgt. Hernandez (SHU) or (Whom ever is in charge)  Date: 1-10-08

Inmate Name: Dave Green

Number: 69901-053

Housing: Z1-16

Request: Since arriving here, I've been trying to get my legal work or papers from my property. A very small amount was given on 1-8-08 and I've requested more since and is yet to get it. There is also no clearly defined manner for me to obtain items from the law library that I need to prepare my law book. The right to law library material while in the shu is both per BOP policy and constitutional right. Why am I not being allowed?

Staff Response: You have been given some paper work containing legal work. You have requested more and will recieve them when 3rd shift officers return it from your property. You must put a request to the library for the paper work you need from the law library. Your Oatmeal will be already made for you from the food service.

Sgt. [signature]  1-10-08
Staff Signature   Date

INMATE AFTER STAFF RESPONSE

## Exhibit B
## AFFIDAVIT OF DOUGLAS HEWITT

State of Texas)

        ) ss:

Garza County   )

HAVING FIRST BEING DULY SWORN, Douglas Hewitt, the undersigned affiant, dows hereby depose and say as follow:

1. I am a Federal inmate currently confined at Gilws W. Dalby Correctional Facility, 805 N Avenue F, Post, Texas 79356.

2. On or about Jaunary 27, 2008, myself and James Leonard was asked by Dave Green to witness a conversation between himself and Captain Mathis, in regards to non-issuance of hot water to participants of the Religious Diet Program while in the Special Housing Unit, ("SHU").

3. During the conversation, Dave Green explained to Cpt. Mathis, that he wasn't provided hot water to prepare his meals while he was in the SHU.

4. Cpt. Mathis, told us that the "hot water can be used as a weapon", as the reason the hot water was not provided.

5. Green then asked Cpt. Mathis "if the hot water wasn't coming from the same urn as the coffee that is served to inmates on regular diet in the SHU?" and "How was" he (Green), expected to prepare and consume the meals?"

6. Cpt. Mathis then stated that he would "look into it".

7. Days later while the Cpt. was doing his rounds in the unit, mysef and Green approached him to asked if he had looked

into the issue

8. At that point Cpt. Mathis stated that "the issue will be fixed to insure that religious diet participants get hot water" and that he "understand that this fix does not help" the fact that Green was not provided hot water.

9. Cpt Mathis also stated that he "didn't understand the issue when was first approached".

FURTHER AFFIANT SAYETH NOT.

Witness my hand under penalty of perjury this 5TH day of June 2008.

Douglas Hewitt-Affiant
Reg. No.: 11046-018
Giles W. Dalby Correctional Facility
805 North Avenue F
Post, Texas 79356

Sworn to before me this 5th day of June, 2008.

Notary Public

My commission expires



ALICE MARIE CRUSE
Notary Public, State of Texas
My Commission Expires 5-12-2012

Exhibit C

## AFFIDAVIT OF JAMES LEONARD

STATE OF TEXAS      )
                    ) ss:
GARZA COUNTY        )

HAVING FIRST BEING DULY SWORN, James Leonard, the undersigned affiant, does hereby depose and say as follows:

1. I am a Federal inmate presently confined at Giles W. Dalby Correctional Facility, 805 N Avenue F, Post, Texas 79356.

2. Around the 27th of January of 2008, mr. Douglas Hewitt and myself were asked by mr. Dave Green to be witnesses to a conversation between Cpt. Mathis and himself regarding the non-issuance of hot water to participants of the Religious Diet Program (RDP) while in the Special Housing Unit ("SHU")

3. During the conversation I observed mr. Green explain to Capt. Mathis that while he was in SHU he was not provided hot water to prepare his meals.

4. We were told by Cpt. Mathis that "hot water can be used as a weapon", which is the reason it was not provided.

5. After the Captain's response mr. Green then asked "If the hot water was not coming from the same urn as the coffee that is served to inmates on regular diet in the SHU?"

6. I also observed mr. Green asking Capt. Mathis how was he supposed to prepare and consume the meals?

7. After mr Green was finished Capt. Mathis looked at us and informed us that he would "look into it".

8. As Capt. Mathis was turning to leave he turned back to us and said he would have something to tell us in a few days.

9. I am also a participant in the Religious Diet Program (RDP) from 02-04-08 to 02-12-08, I was in the Special Housing Unit (SHU) pending a disci;linary hearing;

10. I am approved to participate in the Religious Diet Program and have been participating to this date;

11. While in SHU I was never provided hot water to prepare the many items needing hot water;

12. Despite asking the officers serving the meals, hot water was still not provided;

13. I was verbally informed by Sgt. Hernandez that a memo was sent to food service informing them of the situation, yet hot water was never provided. Officer Ramirez told me I was not going to get hot water because it could be used as a weapon, and if I needed to use hot water I can use the hot water from the cell sink; FURTHER AFFIANT SAYETH NOT.

James Leonard-Affiant
Reg No.: 36726-083
Giles W. Dalby Correctional Facility
805 North Avenue F
Post, Texas 79356

Sworn to before me this 5th day of June 2008.

Notary Public

My commission expires



ALICE MARIE CRUSE
Notary Public, State of Texas
My Commission Expires 5-12-2012

Dave Green
Reg. No.: 69901-053
Giles W. Dalby Correctional Facility
805 N Avenue F
Post, Texas 79356

June 10, 2008


The Clerk of the Court
U.S. District Court
Nothern District of Texas, Lubbock Division
George H. Mahon Federal Bldg
1205 Texas Ave., Room C-221
Lubbock, TX 79401-4002


Dear Clerk:

Enclosed, please fing original and one copy of the following:

Completed Form, 42 U.S.C. §1983;

Completed Application To Proceed In Forma Pauperis;

Certificate of Inmate Trust Account and six months Account Statement;

Affidavit of Douglas Hewitt and James Leonard; and

Copy of Inmate Request Form.

For filing purposes.


Thanks for attending to this very important matter.


Sincerely,

*D. Green*
Dave Green



cc:file



%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

DEFENDANTS

**5-08CV0129-C**

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
_____
Brief description of cause:
_____

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED

(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Dave Green
Reg. No. 699901-053
Giles W. Dalby Correctional Facility
805 N Avenue F
Post, Texas 79356

The Clerk of the Court
U.S. District Court
Nothern District of Texas, Lubbock Division
George H. Mahon Federal Bldg
1205 Texas Ave., Room C-221
Lubbock, TX 79401-4002